**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ERIC RODNEY HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No.   25-02736 (UNA) |
| v. | ) | |
| | ) | |
| E. RICKARD, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner is a District of Columbia prisoner designated to the Federal Correctional Institution in Otisville, New York. He filed in the U.S. District Court for the Southern District of New York a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. That court transferred the case here because the petition challenges a D.C. conviction. *See* Order, ECF No. 3. For the following reasons, this case will be dismissed.

Petitioner challenges as "illegal and unconstitutional" his jury conviction entered in D.C. Superior Court on September 13, 2022. Pet. at 4; *see United States v. Hill*, 2019 CF3 015559 (D.C. Super. Ct.) (Docket). He alleges, among other things, that the presiding judge, the prosecuting attorney, and his public defender denied him "every legal right" to which he was entitled, "including the right to procedural due process." *Id*. at 4, 5, 6.

Unlike prisoners challenging State or federal court convictions, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (cleaned up). The local remedy, D.C. Code § 23-110, "establishe[s] a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wish[ ] to

challenge their conviction or sentence." *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). As relevant here,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . .  court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The remedy is "not a procedural bar to otherwise available federal habeas claims; it is Congress's deliberate channeling of constitutional collateral attacks on Superior Court sentences to courts within the District's judicial system (subject to Supreme Court review), with federal habeas available only as a safety valve." *Ibrahim v. United States*, 661 F.3d 1141, 1146 (D.C. Cir. 2011).

Put simply, D.C. Code § 23-110(g) "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). Such claims include "the right to be released upon the ground that (1) the sentence was imposed in violation of the [U.S.] Constitution or the laws of the District of Columbia" or "(4) the sentence is otherwise subject to collateral attack," and a motion "may be made at any time." D.C. Code § 23-110(a), (b)(1). Because Petitioner's claim is available locally by motion under § 23-110(a), this Court lacks jurisdiction to entertain his habeas petition. Consequently, this case will be dismissed by separate order.

_____/s/_____
TANYA S. CHUTKAN
Date: March 4, 2026                              United States District Judge

2